1
2
3
4
5

KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone:  (480) 306-5977
Facsimile:  (602) 626-3504
E-mail: kdeneau@lemberglaw.com

6
7
8
9
10

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

11
12

Attorneys for Plaintiff,
Nancy Quintero

13
14
15

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

16
17
18
19
20
21
22
23

Nancy Quintero,

        Plaintiff,

    vs.

U.S. Collections West, Inc.; and DOES 1-10, inclusive,

       Defendants.

Case No.:

**COMPLAINT**

24
25
26
27
28

     For this Complaint, the Plaintiff, Nancy Quintero, by undersigned counsel,

states as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>JURISDICTION</u>**

1.     This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of

Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to

collect a consumer debt.

2.     Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331,

1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that

Defendants transact business here and a substantial portion of the acts giving rise to

this action occurred here.

**<u>PARTIES</u>**

4.     The Plaintiff, Nancy Quintero (hereafter "Plaintiff"), is an adult individual

residing in Chandler, Arizona, and is a "consumer" as the term is defined by 15 U.S.C.

§ 1692a(3).

5.     The Defendant, U.S. Collections West, Inc. (hereafter "U.S."), is a company

with an address of  2320 West Peoria Avenue, #C116, Phoenix, AZ 85029, operating

as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C.

§ 1692a(6).

2

6.     Does 1-10 (the "Collectors") are individual collectors employed by U.S. and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     U.S. Collections West, Inc. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.     The Debt**

8.     The Plaintiff allegedly incurred a financial obligation to an apartment complex (the "Creditor").

9.     The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The alleged Debt was purchased, assigned or transferred to U.S. for collection, or U.S. was employed by the Creditor to collect the alleged Debt.

11.     The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.     U.S. Engages in Harassment and Abusive Tactics**

12.     Within the last year, the U.S. contacted Plaintiff in an attempt to collect the alleged Debt.

3

13.     On or about January 5, 2012, U.S. placed a call to Plaintiff at her place of employment.

14.     When Plaintiff first told U.S. she would like to dispute the alleged Debt, the U.S. representative threatened Plaintiff with a lawsuit, garnishment of Plaintiff's wages, and with a lien on her home.

15.     Plaintiff reiterated that she disputes the alleged Debt and tried to explain that she never took possession of the apartment at the apartment complex.  In response, U.S. kept making the wage garnishment threat to Plaintiff, telling Plaintiff that she has a good job and good credit—so she is going to pay.

16.     U.S. made multiple calls to Plaintiff's work and left at least one message with a receptionist at her work.

17.     U.S. demanded that Plaintiff borrow money from her mother or that she must take out a loan to pay the alleged Debt to avoid the threatened repercussions.

18.     U.S. hung up on Plaintiff.

19.     Defendants failed to timely send Plaintiff written correspondence notifying her of her legal right to dispute the alleged Debt.

**C.     Plaintiff Suffered Actual Damages**

20.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

4

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25.     The Defendants engaged the Plaintiff in telephone conversations at her place of employment, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26.     The Defendants threatened the Plaintiff with garnishment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

27. The Defendants threatened the Plaintiff with attachment of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

28. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

29. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

30. The Defendants failed to timely send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

31. The Defendants failed to timely send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

32. The Defendants failed to timely send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

33. The Defendants failed to timely send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

34. The Defendants failed to timely send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

6

35.    The foregoing acts and omissions of the Defendants constitute numerous and

multiple violations of the FDCPA, including every one of the above-cited provisions.

36.    The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the

Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the

Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C.

§1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to

15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for the all damages including

emotional distress suffered as a result of the intentional, reckless, and/or

negligent FDCPA violations in an amount to be determined at trial for

the Plaintiff; and

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1    DATED:  February 21, 2012              LEMBERG & ASSOCIATES, LLC

2

3

4                                          By: _/s/  Kindra Deneau_____
                                           Kindra Deneau
5

6                                          Attorney for Plaintiff
                                           Nancy Quintero
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                              8